[The State ex rel. Macdonald v. Capital City Water Co.]

prior to the death of deceased, and as the evidence shows was upon an implied contract to pay. The evidence shows, that it was customary to pay for similar services, either by the month or by the year.

The suit was upon an open account—*Gayle v. Johnston* 72 Ala. 254. The defendant interposed the plea of the statute of limitations of three years. This was a good plea in bar to the action for so much of the claim as had become due, three years before the beginning of the action, excluding from the computation six months as provided in section 2263 of the Code. When the wages are payable by instalments, the party entitled to receive them, may sue and recover each instalment as it becomes due.—*Strauss v. Meertief*, 64 Ala. 299. It will depend upon whether the wages became due and were payable monthly, or at the end of each year, to determine what claims are barred by the statute of limitation of three years.

The court properly credited the claim with the payments made, but erred in rendering judgment for services rendered during a period back beyond that to which the plea of the statute of limitations applied.

Reversed and remanded.

# The State ex rel. Macdonald v. Capital City Water Co.

*Proceedings in Quo Warranto.*

1. *Quo warranto; plea of justification or excuse.*—In a *quo warranto* proceeding to annul the charter of a corporation for failing to perform its corporate duties, if the respondent pleads specially justification or excuse, this plea must allege not mere assumptions or conclusions of the pleader, but facts from which will necessarily be drawn the conclusion that the corporation did, under all circumstances, that which its charter engagement reasonably required of it, in such manner and to such extent, that the court, in the exercise of a sound legal discretion, ought not to annul its charter.

2. *Same; annulment of charter of water company.*—In *quo warranto* to annul the charter of a water company of a city, because it had willfully and persistently failed for three years to furnish such city with

a sufficient supply of pure, wholesome water, as its charter required, an answer by the respondent that it had enlarged its works and increased its supply from time to time up to a certain date, at which time it was negotiating with experts to bore other wells, which would supply all necessary demands, but that it ceased such negotiations because the said city had declared its intention to exercise its option to purchase the works of the defendant, as provided under the ordinance contract between it and the said city, is insufficient to constitute a defense to the forfeiture of the charter, and a demurrer to such answer questioning the sufficiency of its allegations is properly sustained.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOS. M. ARRINGTON.

This is a proceeding in the nature of a *quo warranto* to vacate the charter and annul the corporate existence of the appellee, the Capital City Water Company; brought under the authority of section 3167 of the Code ; and was commenced by a petition addressed to the judge of the city court. There was a motion made by the respondent to quash the writ, and also a demurrer to the petition, which were overruled. The appeal is taken from a judgment in favor of the defendant, and the only ruling which is considered by this court is sufficiently stated in the opinion.

GORDON MACDONALD and W. L. BRAGG, for appellant. It has long been held, and never seriously questioned, that willful misuse, neglect, abuse or non-use of its franchises by a corporation, or failure to discharge the obligations imposed on it, either expressly or by implication, in its charter, constitute ground for the forfeiture thereof.—High Extr. Legal Rem., § 606 ; *People v. North River Sugar Ref. Co.*, 121 N. Y. 582 ; *People v. Kingston &c. Co.*, 23 Wend. 193-208 ; 96 Amer. Dec. 747 note ; *People v. H. & C. Turnpike Co.*, 23 Wend. 254 ; *Washington & B. Turnpike Co. v. State*, 23 Wall. 210 ; *Atty. Gen. v. Tudor Ice Co.*, 104 Mass. 239; 23 Wend. 361 ; 103 Ill. 491 ; High Ex. L. R., § 622, and page 515 ; 101 U. S. 83.

The same principles involved in determining the forfeiture of grants to individuals for non-performance of conditions are applicable to the forfeiture of grants to corporations. Nothing short of performance, or the act of God, or of the grantor will excuse or prevent forfeiture.—*People v. Kingston &c. Co.*, 23 Wend. 193 ; 103 Ill.

[The State ex rel. Macdonald v. Capital City Water Co.]

491; 5 R. I. 1–6; 23 Ohio 121–129; *People v. H. & C. Co.*, 23 Wend. 254; *Com. v. Turnpike Co.*, 5 Cush. 509.

J. M. FALKNER, *contra.*—This proceeding having been instituted against the corporation under section 3167 of the Code, its corporate existence is admitted.—*State ex rel. Hercules Sanche v. Webb*, 97 Ala. 111; *People v. Rennselaer & S. R. R. Co.*, 30 Amer. Dec. 33.

Macdonald, the relator in this cause, shows no special injury to himself; nor does he show that he has any interest whatever in the Capital City Water Company, and his purpose is to destroy the franchise under and by which appellee exists and serves the public, and for these reasons it is insisted that he has no authority to maintain this action.—*People v. Grand River Bridge Co.*, 13 Col. 11; s. c. 16 Amer. St. Rep. 182; High Ex. L. R., §§ 654, 697; *Commonwealth v. Cluley*, 56 Pa. St. 270, s. c. 94 Amer. Dec. 75; *Commonwealth v. Swank*, 79 Pa. St. 157; *Commonwealth v. Union Ins. Co.*, 5 Mass. 230; s. c. 4 Amer. Dec. 50.

If the object of the proceeding is to destroy the corporation, and not merely to correct an abuse, the State, and not a private relator is the proper moving party.— 12 Amer. & Eng. Encyc. of Law 677, and authorities cited.

HEAD, J.—The petition must be taken as making a case calling for the forfeiture of the defendant's charter, as a corporation, without investigation by us of the sufficiency of its allegations, or the correctness of the practice pursued, for the reason that the motion to quash and the demurrer to the petition were overruled by the court below, and those rulings are not before us for review: the verdict and judgment on the merits, having been in favor of the defendant. There is no cross assignment of errors. We are only to pass upon the sufficiency of the defendant's answer or plea, as tested by the relator's demurrer to it.

The substance of the relator's complaint is, that it was the duty of the defendant, as a corporation, to furnish the city of Montgomery, and the residents thereof, a sufficient supply of pure, wholesome water for their domestic and other uses, which duty it willfully and persistently refused and failed to perform for the space of, to-wit,

three years. The plea, which the court sustained on demurrer, sets up, as an excuse for its failure to furnish the water as alleged, that it had "from time to time enlarged its works and increased its water supply up to and including the 7th day of October, 1890, when the City Council of Montgomery notified it that it, the City Council of Montgomery, exercised its option to purchase the works of the defendant, as it had a right to do under section 17 of the ordinance contract between the said City Council of Montgomery and the defendant; and that at the time of said election by said City Council of Montgomery to purchase said works it was then negotiating with experts to bore a sufficient number of wells to supply all the demands upon defendant for water for the city of Montgomery and its inhabitants; but that owing to said election it was advised that it was not authorized to add to the amount in any way which the City Council of Montgomery would be compelled to pay as the price of said works, and for this reason alone it did not contract for the boring of additional wells or for an increased supply of water; and defendant avers that the City Council of Montgomery is still insisting on its right to purchase said works under said election, and the question of purchase and sale is still undetermined." The demurrers, with sufficient definiteness, question the sufficiency of these allegations as a defense to the action.

We have no hesitation in affirming that the plea is bad. It shows no lawful excuse whatever for the alleged failure to perform its alleged corporate duty. In the first place, the fact that it had from time to time enlarged its works and increased its water supply, up to the 7th day of October, 1890, and was then negotiating with experts to bore other wells, which would supply all necessary demands for water, falls very far short of showing that it had done its duty up to that time. In perfect consistency with these allegations, the defendant's plant may have been, from its original erection, of the most diminutive and inadequate character and extent, and the enlargement of its works and increase of its water supply the most insignificant, involving gross and willful disregard of duty. The plea, to be good, should state facts which show, as a necessary conclusion, that it discharged its duty under the circumstances, or that it was not guilty of such a breach of duty as is alleged against it,

[The State ex rel. Macdonald v. Capital City Water Co.]

Again, the plea states, by way of assumption, without express averment, that some sort of an ordinance contract had been entered into between the defendant and the City Council of Montgomery. When, under what circumstances, what its terms, and by what authority, on the part of either of the contracting parties, the contract was entered into, we are not informed, except as to what we get from the statement in the plea, that on Oct. 7th, 1890—about a year and a half before this petition was filed—"the City Council of Montgomery notified defendant that it, the City Council of Montgomery, exercised its option to purchase the works of the defendant as it had a right to do under section 17 of the ordinance contract between the said City Council of Montgomery and the defendant," and that defendant "was advised that it was not authorized to add to the amount in any way which the City Council of Montgomery would be compelled to pay as the price of said work." We are so devoid of information as to the nature and terms of the contract, and the circumstances under which it was entered into, that we can pass no intelligent judgment upon the power of the city, as a municipal corporation, to make it, or the rights and duties of the parties under it. The contract, without more in reference to it, than the plea alleges, exerts no influence on this case. Presumptively, the defendant had no authority to enter into a contract which would disable it to perform the public service for which it was chartered. Its franchise was to furnish water to the city and the residents thereof—a duty of a public nature—and, without legislative authority, it could do no act and make no contract which would render it impossible or impracticable to discharge that duty. It must show its authority in the premises. If the defendant desires to plead specially justification or excuse, it must show, by allegation of facts, not the mere assumptions and conclusions of the pleader, but of *facts* from which the court will necessarily draw the conclusion that it did, under all the circumstances, that which its charter engagement reasonably required of it, in such manner and to such extent, that the court, in the exercise of a sound legal discretion, ought not to take from it its charter.

The plea is bad, and the city court erred in overruling

the demurrer to it, for which error the judgment is re-
versed and the cause remanded.

Reversed and remanded.